# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE: | |
| ADELE WEAVER | CASE NO. 17-41113 |
|  | CHAPTER 7 |
| DEBTOR | |
| LINDA S. PAYNE, CHAPTER 7 TRUSTEE | |
| PLAINTIFF | ADV. PROCEEDING NO. |
| V. | |
| YEN THI CAO | |
| DEFENDANT. | |

## COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFER

LINDA S. PAYNE, the duly appointed and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of Adele Weaver, files this Complaint to Avoid and Recover Fraudulent Transfers, and in support thereof would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff, LINDA S. PAYNE, is the Chapter 7 Trustee for Adele Weaver ("Weaver" or "Debtor") and in that capacity has standing to assert the claims made herein pursuant to 11 U.S.C. § 323.

2. Defendant Yen Thi Cao ("Defendant") may be served by mailing a copy of this complaint and the summons to 6806 Metro Blvd., Houston, TX 77083.

### II. JURISDICTION

3. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157, 1331 and 1334, and Rule 7001 of the Federal Rules of Bankruptcy Procedure and the Order of Reference

for the United States District Court for the Eastern District of Texas. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O). This action is brought pursuant to 11 U.S.C. §§ 548 and 550.

4. Venue is proper in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. FACTUAL BACKGROUND

5. On May 26, 2017 (the "Petition Date"), Debtor filed a voluntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above-referenced bankruptcy case (the "Case").

6. Thereafter, the Office of the United States Trustee appointed the LINDA S. PAYNE as the interim chapter 7 Trustee for the Debtor's bankruptcy estate pursuant to Section 701 of the Bankruptcy Code, and thereafter became the permanent trustee in accordance with Section 702(d) of the Bankruptcy Code.

7. Upon information and belief, the Debtor transferred proceeds in the amount of $69,599.59 from the sale of a condominium located 30 Regency Lane, Houston, TX 77088 (the "Transfer") to Defendant. It appears no consideration was paid to Debtor, accordingly, the transfer is subject to avoidance and recovery as fraudulent under 11 U.S.C. § 548.

8. The Transfer was made at a time when the Debtor was insolvent and was unable to pay her debts as they became due. At the time of the Transfer the sum of Debtor's debts was greater than all of the Debtor's property at a fair valuation.

9. Defendant was the recipient of the proceeds from the sale of a condominium in the amount of $69,599.59. However, Defendant did not provide consideration to the Debtor in exchange for the Transfer. The Debtor received no value from Defendant in exchange for the

proceeds.

10. Demand was made on Defendant on August 31, 2017. Defendant has not responded to Plaintiff's demand.

### IV. CAUSES OF ACTION

#### COUNT 1 – AVOIDANCE AS FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)

11. Plaintiff incorporates and re-alleges the factual allegations contained in paragraphs 1 through 10 by reference for all purposes.

12. Debtor transferred proceeds from the sale of a condominium in the amount of $69,599.59 to Defendant.

13. At the time Debtor made the Transfer to Defendant, Debtor received less than reasonably equivalent value in exchange for such Transfer.

14. At the time of the Transfer the Debtor was (i) was insolvent, (ii) engaged in a business or a transaction, or was absent to engage in a business or a transaction, for which Debtor's remaining assets or property was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

15. As a consequence, Plaintiff is entitled to judgment against Defendant avoiding the Transfer pursuant to 11 U.S.C. §548(a).

#### COUNT 2 – RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. § 550(a)

16. Plaintiff incorporates and re-alleges the factual allegations contained in paragraphs 1 through 15 by reference for all purposes.

17. The Transfer is avoidable pursuant to 11 U.S.C. § 548.

18. Defendant is the initial transferee of the Transfer it received or, alternatively, is the person for whose benefit such Transfer was made.

19. Recovery of the Transfer or the value of said Transfer from Defendant will benefit the creditors of the Debtor's bankruptcy estate.

20. As a consequence, Plaintiff is entitled to judgment against Defendant in an amount equal to the proceeds it received from Debtor at the time of the Transfer, and the costs of this Adversary Proceeding pursuant to 11 U.S.C. § 550(a).

### V. DISALLOWANCE OF CLAIMS ASSERTED BY DEFENDANT PURSUANT TO SECTION 502(D)

21. The Trustee incorporates and re-alleges the factual allegations contained in paragraphs 1 through 20.

22. As set forth above, Defendant is the transferee of the Transfer, which is avoidable and should be avoided pursuant to 11 U.S.C. § 548. Further, Plaintiff is entitled to recover the Funds transferred, or the value thereof, pursuant to 11 U.S.C. § 550(a).

23. Accordingly, Plaintiff is entitled to the entry of an order disallowing any claim of Defendant pursuant to 11 U.S.C. § 502(d), unless the Defendant pays the amount of the Transfer avoided, or turns over any property as the Court may order, to Plaintiff.

### VI. PRAYER

WHEREFORE, Linda S. Payne, the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Adele Weaver, prays that this Court enter judgment in her favor against:

1. Defendant for the avoidance of the Transfer and recovery of the Funds pursuant to 11 U.S.C. §§ 548(a) and 550(a) as requested herein;

2. For such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Bill F. Payne
Bill F. Payne
Texas Bar No. 15649500
THE LAW OFFICES OF BILL F. PAYNE, P.C.
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4901 Phone
bill@wpaynelaw.com
ATTORNEY FOR CHAPTER 7 TRUSTEE